JOSEPH S. HALBERT *vs.* ISAAC BROOKS & another.

Suffolk. March 15, 1921. — May 26, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Broker,* Commission. *Practice, Civil,* Appeal.

In an action in the Municipal Court of the City of Boston against a husband and wife by a real estate broker for a commission for procuring a customer for certain real estate, where the evidence was conflicting as to whether the wife, who signed her own name and that of her husband to an agreement of sale containing a clause agreeing to pay the plaintiff a commission, was authorized to sign the agreement for her husband or knew the intention of the agreement, and whether she signed relying on misrepresentations by the plaintiff, the trial judge refused to rule that upon the evidence the plaintiff was entitled to recover, found for the

defendants and reported the case to the Appellate Division. Upon an appeal from an appeal from an order dismissing the report, it was *held*, that no question of law was open on the record.

CONTRACT against a husband and his wife to recover a commission alleged to be due to the plaintiff, a real estate broker, for obtaining a customer for the sale of real estate in the town of Revere owned by the defendant Annie Brooks. Writ in the Municipal Court of the City of Boston dated November 12, 1919.

The evidence in the Municipal Court is described in the opinion. The judge refused to rule, as requested by the plaintiff, " that upon the evidence the plaintiff is entitled to recover," found for the defendants, and at the plaintiff's request reported the case to the Appellate Division, who dismissed the report. The plaintiff appealed.

*S. Cohen,* for the plaintiff.

*J. W. Vaughan,* for the defendants, was not called upon.

CARROLL, J. The plaintiff, a real estate broker, sued to recover a commission for obtaining a customer for real estate of the defendant Annie Brooks. There was evidence that a contract in writing for the purchase and sale of the real estate was signed by the defendant Annie Brooks and that she signed the name of her husband. There was also evidence that she could not read, that the contract was not read to her; that she was not authorized to sign her husband's name; that she objected to signing; " that she did not know that the contract was right or if she had a right to sign her husband's name, and that the plaintiff told her it was all right, and she signed relying on his statement." In the Municipal Court of the City of Boston the judge found for the defendants; and from an order dismissing the report, the plaintiff appealed.

No question of law is open on this record. It was purely a question of fact for the judge to decide. *Baxter* v. *New York, New Haven & Hartford Railroad,* 214 Mass. 323. He saw the witnesses; he may have disbelieved the evidence offered by the plaintiff and believed that the signature was fraudulently obtained and that the defendant Annie Brooks signed the contract relying on the false statements of the plaintiff. See *Mullen* v. *Old Colony Railroad,* 127 Mass. 86; *Trambly* v. *Ricard,* 130 Mass. 259; *O'Donnell* v. *Clinton,* 145 Mass. 461.

*Order dismissing report affirmed.*