ANNA R. FARRELL *vs.* CHANDLER, GARDNER & WILLIAMS, INCORPORATED.

CHANDLER, GARDNER & WILLIAMS, INCORPORATED, *vs.* ANNA R. FARRELL.

Essex.   December 12, 1924. — May 21, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Contract,* Validity, Performance and breach.   *Fraud.   Equity Jurisdiction,* To restrain competition in violation of contract.

From findings by a master in a suit by a woman against a corporation, which had bought and was conducting an undertaking business formerly owned by her husband, to enjoin the defendant from enforcing provisions of a contract in writing which she had made with the defendant when, at its solicitation, she had entered its employ to perform certain duties in the business which she formerly had performed for her husband, it appeared that the provisions of the contract objected to by her restrained her from entering into or being interested in a business like the defendant's in its vicinity for a certain period; that the plaintiff was intelligent and with business experience; that the agreement covered two full legal size sheets of paper of single spaced typewriting, and that its general character as a business document was obvious;

that she "saw every bit of one half of the sheet on which she affixed her signature," which was the half sheet whereon were typed the provisions to which she objected; and that she was not dissuaded by any artifice of the defendant from reading the document, except that upon producing it the defendant's agent had stated that it was a mere matter of form, that he did not suggest her hiring an attorney, and that she relied upon his statement that it was a mere matter of form. The master found that the conduct of the defendant's agent in thus securing the plaintiff's signature was contrary to every dictate of equity and fair dealing. A decree for the plaintiff was entered. The defendant appealed. *Held,* that

(1) Fraud on the part of the defendant was not made out;

(2) The plaintiff must be held to have known that the two page typewritten contract was not a mere form;

(3) The contract was valid and a decree dismissing the bill should be entered.

BILL IN EQUITY, filed in the Superior Court on April 22, 1924, seeking to have cancelled as procured by fraud a contract of employment of the plaintiff by the defendant in its undertaking business which contained a provision that after the term of her employment she would "not enter into, either directly or indirectly, as employee, manager or proprietor, owner, stockholder, co-partner or otherwise, in the said City of Haverhill, Massachusetts or vicinity, the same, or similar business, which in any manner might be construed as being a competitive business of said . . . [defendant] for a period of ten years after such termination of said employment of said . . . [plaintiff], as in this agreement provided." Also, a

BILL IN EQUITY, filed in the Superior Court on April 18, 1924, seeking to enjoin the plaintiff in the first suit from violating the provisions of the agreement above quoted.

The suits were referred to a master. Besides the facts found by the master and quoted in the opinion, he found, in substance, that the plaintiff in the first suit (hereinafter called the plaintiff) had been the wife of a former owner of the business of the defendant, and while her husband was such owner had been employed in a minor capacity in the performance of those acts in and about an undertaking establishment or business that it is essential that a woman should do. In addition thereto she answered telephone calls and made the necessary appointments and arrangements in consequence thereof. After the sale to the defendant she

entered the employment of the defendant and made the contract in suit. Other material findings by the master are described in the opinion.

The suit was heard on the master's report by *McLaughlin,* J., by whose order there were entered decrees overruling the exceptions to the master's report and confirming the report, enjoining the defendant from enforcing the contract, cancelling it, and dismissing the bill in the second suit, and in each suit awarding costs to Mrs. Farrell. The corporation appealed.

*E. W. Ogden,* (*R. B. Heavens* with him,) for Chandler, Gardner & Williams, Incorporated.

*H. W. Ogden,* for Anna R. Farrell.

WAIT, J. This court has held in *Chandler-Gardner & Williams, Inc.* v. *Reynolds,* 250 Mass. 309, that a contract in the terms of the paper signed by Mrs. Farrell is valid. The question for our determination is whether she is bound by her signature to the contract. The rule of law is well stated in *Atlas Shoe Co.* v. *Bloom,* 209 Mass. 563, 567: "In the absence of fraud practised upon him, . . . mere ignorance of the contents of an instrument which a party voluntarily executes is not sufficient ground for setting it aside if ultimately the paper is found to be different from what he supposed it to be. *Rice* v. *Dwight Manuf. Co.* 2 Cush. 80. *Leddy* v. *Barney,* 139 Mass. 394. *Freedley* v. *French,* 154 Mass. 339, 342." Unless the evidence justifies the finding that fraud was practised upon her, Mrs. Farrell is bound.

The master's report shows that she "is a bright, intelligent person, can read English and has had fifteen years of business experience"; that she "knew the agreement related to the terms of her employment"; that she "knew at the time she signed the agreement in question that it was covered by two full legal sized sheets of paper of single spaced typewriting"; that she "saw every bit of one half of the sheet on which she affixed her signature"; that she "saw the respondent write the words 'one hundred twenty' and the figures '30' in said agreement and saw the contents of the agreement [which included the words to which she now objects] below these words and figures"; that she "did not

ask to read the said agreement that she signed"; and that she "was not dissuaded by any artifice by [Chandler-Gardner & Williams, Incorporated,] its agents or servants from reading the agreement before she signed it except as . . . stated." The statements of the report constituting the exception are that, at the moment, she was surprised at being sought as an employee and asked by Chandler if she would be satisfied with a remuneration of $30 per week; that Chandler then produced the two page typewritten document in duplicate; filled in "one hundred twenty" and "30"; requested her to sign; stated that it was a mere matter of form (a statement on which she relied implicitly); folded over the document so that there was a half page visible for her signature [the half page on which was typed the words she now objects to] and handed her his fountain pen for the purpose; that the agreement had been prepared by Chandler; that he did not read it over to her, make any explanation of its terms, or suggest that she consult an attorney or seek any other advice before signing. The master found that "the conduct of Mr. Chandler in thus securing the signature of Mrs. Farrell was contrary to every dictate of equity and fair dealing."

We are unable to agree that fraud upon the part of Chandler is thus made out. Mrs. Farrell knew that he had acquired the business of her husband. She was familiar with the business. She knew that she had been suggested to Chandler as a desirable employee. She knew that others who had been connected with her husband's business when employed by the Chandler Company had signed contracts of employment which included restriction on future independent business activity in competition with Chandler's company for considerable lengths of time. There was no confidential relationship existing between Chandler and herself.

Under such circumstances cases like *Bliss* v. *New York Central & Hudson River Railroad*, 160 Mass. 447, *Kean* v. *New York Central & Hudson River Railroad*, 210 Mass. 449, *Barry* v. *Mutual Life Ins. Co. of New York*, 211 Mass. 306, *Connors* v. *Richards*, 230 Mass. 436, and *Halbert* v. *Brooks*, 238 Mass. 471, do not apply.

She must be held to have known that these two page typewritten contracts were not a mere form.   There was no misrepresentation of the contents or the character of the instrument.   *McNamara* v. *Boston Elevated Railway*, 197 Mass. 383.   She affixed her signature.   By that signature she is bound.

The decree must be reversed in both cases: in the suit of Mrs. Farrell, the bill must be dismissed; in that of the corporation, a decree must enter for the plaintiff with an injunction restraining action by Mrs. Farrell contrary to her agreement during the time and within the territory specified therein; with costs in both suits to the corporation.

*So ordered.*