THE BOSTON MORRIS PLAN COMPANY *vs.* JOSEPH REPETTO & others.

Suffolk.    October 9, 1929. — October 11, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Findings by judge. *Evidence,* Presumptions and burden of proof.

At the hearing in a district court of an action of contract upon an instrument alleged to be a promissory note, it appeared that, although the defendant in his answer denied his signature to the instrument, it was admitted at the trial that his name appended to the instrument was his signature and that he would testify that "he did not read English, did not know what he was signing, and believed the instrument signed was different in kind from that actually signed." The trial judge stated as facts found by him that he did not believe the testimony of the defendant, that he found the defendant had signed, knowing what he was signing, and that the evidence showed consideration; and he found for the plaintiff. *Held,* that the finding for the plaintiff was warranted.

CONTRACT upon a promissory note, commonly known as a "Morris plan" note. Writ in the Municipal Court of the City of Boston dated October 4, 1928.

The report of the trial judge stated that, at the hearing in the Municipal Court, "The defendant Raffaele Cataldo, called as witness by the plaintiff, on being shown the note in suit, testified that he did not know whether the signature Raffaele Cataldo was his or not. He was then shown the signature 'Raffaele Cataldo' on answers to interrogatories from the plaintiff, made under oath by the defendant Cataldo. He denied that this signature was his. At this point in the trial, counsel for witness stated in open

court that his client was mistaken, and that both the signature to the answers to interrogatories and the signature to the note were his. Counsel, however, stated that Cataldo would testify that he did not read English, did not know what he was signing, and believed the instrument signed was different in kind from that actually signed. The plaintiff admitted that Cataldo would so testify. The court then stated that he placed no reliance on the testimony of Cataldo, and would not believe his testimony, and found that he had signed the note, knowing what he was signing, and that the evidence showed consideration."

Other evidence and facts found at the hearing are stated in the opinion. The judge found for the plaintiff in the sum of $218.16 and reported the action to the Appellate Division. The report was ordered dismissed. The defendant appealed.

*W. Gordon*, for the defendants.

*N. Golden*, for the plaintiff.

Rugg, C.J. This is an action of contract upon an instrument in writing which among other matters contained a promise to pay $200 to the order of the plaintiff. Originally there were four defendants; the plaintiff discontinued as to two, the court found in favor of another, and the action now is prosecuted against Cataldo alone, who hereafter will be termed the defendant.

There was evidence tending to show that the instrument was founded upon a loan by the plaintiff to the defendant Repetto, that it never had been repaid, and that when the loan was made the instrument bore all the alleged signatures. The defendant testified in his own behalf and made conflicting statements. Although his signature to the instrument was denied in the answer, it was admitted at the trial that his name appended to the instrument was his signature and that he would testify that "he did not read English, did not know what he was signing, and believed the instrument signed was different in kind from that actually signed." The trial judge stated as facts found by him that he did not believe the testimony of the defendant, that he found the defendant had signed, know-

ing what he was signing, and that the evidence showed consideration. The general finding was for the plaintiff. Numerous requests for rulings presented by the defendant were denied, because the judge ruled that they were immaterial in view of his findings of fact. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18. These findings of fact were justified. The judge was under no obligation to believe the testimony of the defendant and might distrust him utterly without committing error of law. *Commonwealth* v. *Russ,* 232 Mass. 58, 70. The admitted facts, the facts found and the evidence support the general finding for the plaintiff. It is not necessary to determine whether the instrument was a promissory note. In view of the findings and the admitted facts, the requests for rulings were denied rightly as immaterial. *Grace* v. *Adams,* 100 Mass. 505, 507. *Atlas Shoe Co.* v. *Bloom,* 209 Mass. 563, 567. *McKinney* v. *Boston & Maine Railroad,* 217 Mass. 274. *Boynton* v. *American Express Co.* 221 Mass. 237. *Barry* v. *Bay State Street Railway,* 222 Mass. 366. *Secoulsky* v. *Oceanic Steam Navigation Co.* 223 Mass. 465. *Farrell* v. *Chandler, Gardner & Williams, Inc.* 252 Mass. 341.

*Order dismissing report affirmed.*