LAWRENCE BOVEDEAU *vs.* BOSTON CASUALTY COMPANY.

Hampden.    October 2, 1930. — November 24, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Insurance,* Disability.    *Agency,* Scope of authority.    *Husband and Wife.*
*Release.    Words,* "Illness."

A policy of insurance against "disability illness" provided that "no indemnity shall be paid for any illness which is contracted and begins before this Policy has been in force for thirty . . . days"; and that no illness should be covered until and unless it were an illness evidenced by disablement.    The insured underwent an operation several months before the issuance of the policy; and, a few days subsequent to the expiration of thirty days after its issuance, became sick and was taken to a hospital for treatment because of adhesions resulting from the operation.    *Held,* that

(1) A disablement from illness was necessary to, and marked the time of, the commencement of coverage of the policy;

(2) The proviso as to thirty days was not operative unless both the contraction of the illness and a disablement therefrom occurred previous to the expiration of such thirty days;

(3) The proviso did not bar a claim by the insured under the policy, since his disablement did not occur until after the expiration of such thirty days, even if the adhesions formed previous to their expiration.

One, who was insured under a policy of insurance and who had made claim thereunder, was visited at his home by an agent of the insurance company who stated that the policy did not cover the claim, but that he would give him a certain small sum of money.    The agent thereupon handed to the insured a check and said that he would be back to see him.    On the back of the check was a printed release of all claims under the policy and a seal, which did not come to the knowledge of the insured.    He requested his wife to cash the check.    She did so in his absence, and also signed his name opposite the seal on the back.    *Held,* that

(1) A finding was not warranted that the wife of the insured had authority to execute the release under seal;

(2) The claim of the insured under the policy was not barred by the release.

CONTRACT.    Writ in the District Court of Springfield dated January 27, 1928.

Material evidence at the trial in the District Court is stated in the opinion.    The judge found for the plaintiff in

the sum of $70.95, and reported the action to the Appellate
Division for the Western District.   The report was ordered
dismissed, and the defendant appealed.

*H. A. Moran,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

WAIT, J.   This is an appeal from a decision by an
Appellate Division dismissing a report of rulings by a
judge of the District Court of Springfield.   The plaintiff
brought suit upon a policy issued by the defendant in-
demnifying him for "disability illness," but providing
that "no indemnity shall be paid for any illness which
is contracted and begins before this Policy has been in
force for thirty (30) days."   There was evidence that the
plaintiff underwent an operation for appendicitis several
months before August 22, 1927; that, as a result of that
operation, adhesions formed in his intestines; that, on
August 22, an obstruction in the intestine at one of these
adhesions caused him such pain that he fell and was taken
to a hospital for treatment.   He claimed damages for the
incapacity following this attack of illness on August 22.
The policy was issued and took effect on July 20, 1927.
The defendant contends that the illness arose and began
before the policy had been in force thirty days.   The trial
judge and the Appellate Division were right in not yield-
ing to this contention.   The report, which it was agreed
stated all the material evidence, sets out that the policy by
its terms was a "Disability Policy," which did not "insure
for any bodily disorder that may exist unless it reaches the
stage, degree or culmination of physical disability, and
then only from the moment that the disability actually
occurs . . . there is no illness recognized by the defend-
ant in its Policy until and unless it is an illness signalized
by disablement . . . ."   The ruling was correct that
"therefore disablement from illness marks the time when
the illness covered by and recognized in the Policy begins."
It is supported by *Craig* v. *United States Health & Acci-
dent Ins. Co.* 80 S. C. 151, *Guy* v. *United States Casualty
Co.* 151 N. C. 465 and *Grant* v. *North American Casualty
Co.* 88 Minn. 397.   "Illness" in the proviso must be given

the meaning of "illness" in the body of the policy. The word "and" in the proviso is significant. Indemnity is payable only for illness contracted *and* begun after the policy has been in force for thirty days. A cause for disability — the adhesion, which may or may not, in fact, have brought on the particular disability that occurred — although existing before the policy issued, is not enough by itself to constitute an illness exempted by the proviso. There must be also a disability beginning within the thirty days. The disability here indemnified against began on August 22, more than thirty days after July 20.

The further contention that the plaintiff was barred by a release under seal is not sustained. There was evidence that two agents of the defendant called on the plaintiff while in bed at home. One of them said he was sorry that they could do nothing for him since the policy was not old enough; but said to the other: "Give him $40." The latter said: "We'll give him $20." They then gave the plaintiff a check for $20, and one of them said that he would be back to see him. No one in fact returned. On the back of the check was a printed release of all claims under the policy, with space for signature followed by a seal. The plaintiff's attention was not called to this, and he knew nothing of it. His wife presented the check at a bank where, in his absence, she signed the plaintiff's name opposite the seal, indorsed the check herself and received the cash. This falls far short of proof that the wife had authority to execute a sealed release for the husband. The finding that "Ignorant of his rights and expecting the agent to see him again, he merely procured the cashing of the check by his wife" is justifiable; and the ruling that he was not bound by the release is sound. *Hunt* v. *Rhodes Brothers Co.* 207 Mass. 30, *Halbert* v. *Brooks,* 238 Mass. 471, and *Gold* v. *Boston Elevated Railway,* 244 Mass. 144, cited by the defendant, do not establish as law that mere assent or direction by a husband to the cashing of a check by a wife is, necessarily, authority to the wife to execute a release, of which the husband knew nothing, even if the words of release were

on the check when the wife received it; nor that the husband is bound by her act, if he receives the money.

We have dealt with all that has been argued.

*The order dismissing the report is affirmed.*