JOHN N. THRELFALL vs. COFFEE ROASTERS PRODUCTS, INC.

Middlesex.   May 13, 1940. — June 26, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Payment. Evidence*, Presumptions and burden of proof. *Practice, Civil*, Requests, rulings and instructions.

Notations on checks given periodically to and collected by one employed by the drawer for work in designing and perfecting certain machines, stating "To apply on . . . machine to date," and "For . . . machine to date" were not conclusive evidence, binding on the payee, of payments in full "to date."

No error was disclosed in a denial by a judge of a District Court of certain requests for rulings merely "as inapplicable," where he stated findings of fact disclosing inapplicability.

CONTRACT. Writ in the Third District Court of Eastern Middlesex dated December 1, 1938.

The case was heard by *Green*, J. who found for the plaintiff in the sum of $4,244.31.

*M. Caro*, for the defendant.

*D. A. Lynch*, (*F. J. Good* with him,) for the plaintiff.

DONAHUE, J.   The plaintiff seeks to recover in this action on an account annexed a balance of $3,869.72, alleged to be due him for services rendered the defendant in designing one machine, and for labor and materials furnished in building two machines. The defendant's answer was a general denial and a plea of payment. A judge in a District Court found for the plaintiff in the amount claimed. The judge denied various requests for rulings filed by the defendant and reported such denials to the Appellate Division. There an order was entered dismissing the report.

There was evidence to warrant the finding of the facts here related. The defendant engaged the plaintiff, who operated a machine shop, to design and perfect a coffee bagging machine, referred to as the package machine, and to improve a cellophane envelope machine designed to bag and seal coffee. At the time the plaintiff was hired nothing

was said about the price for which the work should be done by the plaintiff or about a "blanket charge" for what was done by him. The value of the labor and materials furnished was $8,361.08.

The plaintiff received (generally, weekly) checks of the defendant to the number of fifty-five in amounts totalling $4,491.36. This sum was the amount of the credit given by the plaintiff, who here seeks to recover the balance of $3,869.72. The checks were exhibits in the case. On each of the first twenty-nine checks given by the defendant was a notation indicating that it was given "on account" of work done on the package machine. On the remaining twenty-six checks the notation "to date" appeared in phrases like "To apply on pack machine to date" and "For envelope machine to date." The treasurer of. the defendant corporation testified that the notations on the checks were merely for bookkeeping purposes to indicate on which machine the payments were made so that the directors could make the proper charges to the proper machine. After the change in the form of the notations was made the plaintiff inquired of one Weisman, whose name was signed to all checks of the corporation, the reason for the change, and was told: "just to keep the record of what the payments are for."

The trial judge made the following findings of fact: "services to the fair value of $8,361.08 were performed by the plaintiff for the defendant as set forth in the declaration . . . payment[s] on account of said services to the amount of $4,491.36 were made by the defendant . . . said payments were made from time to time by the defendant and accepted by the plaintiff on account only of the indebtedness then due, and not as payment in full at any time. I find no such agreement (as contended by the defendant) was made in advance between the parties from week to week to the effect that a specific amount of work was to be done each week by the plaintiff and paid for by a specific payment by the defendant the following week."

The principal contention here made by the defendant is that there was error in the refusal of the defendant's

requests for rulings numbered 3, 4, 8, 13 and 14. These were requests for rulings "on all the evidence and the law" that "the defendant paid the plaintiff periodically and had paid the plaintiff in full for all services and labor performed to the date of the writ"; that "the defendant has paid the plaintiff in full for all materials furnished to the date of the writ in this action"; that "the periodical payments made by defendant to the plaintiff were in full for services and labor to the dates of such payment"; and that "the notation on the defendant's checks in evidence in this case made payable to the plaintiff and endorsed by him show that the plaintiff has been paid in full for services and labor . . . performed and materials furnished."

The purport of these requests was not that the judge should instruct himself as to the law applicable to the facts therein recited. In effect they were requests for rulings that the finding of payment by the defendant must, as matter of law, be made. The burden was on the defendant to prove payment. A finding of payment, as matter of law, could have been made only on evidence by which the plaintiff was bound. There was evidence introduced by the plaintiff to the effect that full payment was not made by the defendant. The notations on the checks did not purport to be releases or discharges or agreements. They were not conclusive evidence of payment. *Rosenblatt* v. *Holstein Rubber Co.* 281 Mass. 297, 301. These requests, all of which assume that the defendant had made full payment of its debt, were properly denied.

The defendant further contends that in denying certain of its requests "as inapplicable" the trial judge did not adequately set out the basis of fact on which his denial was made. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 19. For example, the defendant's eighteenth request for a ruling was, in effect, that the acceptance and collection of a check proffered upon the condition that it is in full settlement of an unliquidated claim, bars any attempt to collect the balance. The issue in this case was whether, as the defendant contended, it had fully paid its debt to the plaintiff, or, as the plaintiff contended,

the payments were made to him on account. The judge in his "Findings of Fact" stated that the "payments were made . . . by the defendant and accepted by the plaintiff on account only . . . and not as payment in full . . . ." This sufficiently showed the ground of denial of such requests.

*Order dismissing report affirmed.*