No. 9412 Western Berkshire, ss.

CARD (Cain and Cummings)
v. NATIONAL CASUALTY CO. (Rosenthal & Reilly)

From the District Court of Central Berkshire—Hibbard, J.

Argued May 27, 1941—Opinion Filed June 16, 1941

RILEY, J. (Mason, & Parker, JJ.)—This action of contract was brought by the plaintiff to recover expenses paid under the terms of a hospitalization policy, so called, issued by the defendant to the plaintiff.

The answer of the defendant contains a general denial and a further averment that the policy "does not cover sickness or accident when the immediate and contributing cause is due either to injury or disease which had its inception prior to the issuance of the policy or within 15 days thereafter" and that the illness mentioned in the plaintiff's Declaration had its in-

ception prior to the date of issuance of the policy or within 15 days subsequent to that date.

The trial judge found for the defendant and made a specific finding as follows: "From the evidence I find that the illness for which the plaintiff seeks to recover expenses as hereinbefore set forth had its inception prior to the issuance of the policy. I rule that 'disease' within the meaning of the terms of the policy covers any malformation, maladjustment or growth inherent in which are potentialities inimical to the health of party affected. Not all malformations, of course, come within this classification. For instance, a clubfoot does not have possibilities for developments acute in character. In the case under consideration, whether it be held that the displacement of the uterus and the folding under it of the ovary instead of its floating properly, show such malformation as to bring it within the ruling, it is obvious to me that the abnormal growth of the ovary was and must be considered a disease. That it had inherent in it potentialities which might affect the health of the party involved is proved by the fact that as the cyst increased in size it finally reached a point where the pressure of the displaced uterus bore down with sufficient weight upon it to give rise to congestion of an acute condition resulting in pain and requiring operative procedure."

In finding for the defendant, the judge found as a fact that the illness for which the plaintiff sought to recover had its inception prior to the issuance of the policy. We cannot disturb this finding unless there was some error of the judge in the manner in which he dealt with the Requests for Rulings of the parties as the correctness of these Rulings is the only question presented by the Report. *Himelfarb* v. *Novadel Agene Corp.* 305 Mass. 446. No ruling was requested that the evidence did not warrant a finding for the defendant.

Of the plaintiff's Requests, the 2nd and 5th called for findings of fact which the trial judge was not obliged to make. *Gibbons* v. *Denoncourt,* 297 Mass. 448. However, he impliedly found the facts to be as the plaintiff contended in both Requests, although he referred only to the 2nd in his decision.

The plaintiff's 1st, 3rd and 4th Requests, which were refused, call for an interpretation of the policy. If the "insuring clause" hereinbefore set out were considered alone, the 1st Request might well have been given. *Bovedeau* v. *Boston Casualty Co.* 273 Mass. 156. Howver, both the "insuring clause" and the "exceptions" must be considered together in determining whether the plaintiff has brought herself within the terms of the policy. See *Wrobel* v. *General Accident & Assurance Corp.* 288 Mass. 206. Consequently, the plaintiff was entitled to recover in this case if her expenses were incurred through "sickness beginning after this policy had been maintained in force for not less than 15 days from its date" except "when the immediate and contributing cause of such sickness was due to

disease which had inception prior to the issuance of the policy." Therefore, the judge was not required to give the plaintiff's first Request as it confined too narrowly, and not in accordance with the policy, the words sought to be construed. See *Wrobel* case supra.

The plaintiff's 3rd and 4th Requests sought to have the knowledge of a reasonable person in the position of the plaintiff as to her condition, the test of the construction of the terms of the policy, rather than what actually might have been found to have been the facts. To have given them would have required the judge to disregard the excepting clause in the policy, hereinbefore set out. The defendant, of course, was entitled to show that the plaintiff's sickness came within the terms of the exceptions. *Palumbo* v. *Metropolitan Life Ins. Co.* 293 Mass. 35. The contentions of the plaintiff that the sickness, the immediate and contributing cause of which was due to disease which had its inception prior to the issuance of the policy, must have been something that had manifested itself to the assured, seems to be disposed of by the language of the court in *Palumbo* v. *Metropolitan Life Ins. Co. supra.*

Its 4th Request was properly given, according to our construction of the policy. It resembles the defendant's 4th Request in *Palumbo* v. *Metropolitan Life Ins. Co. supra* which the court said should have been given.

We find no prejudicial error in the rulings complained of and the Report will be ordered dismissed.