No. 155157        Municipal        Suffolk, ss.

CALLANAN, p. p. a.           (Solomon Romanow)
v. REED           (Kendall A. Sanderson)

From the Municipal Court of Boston—Brackett, J.

Argued October 6, 1941—Opinion Filed November 1, 1941

ZOTTOLI, J. (Tomasello, J., & Donovan, S.J.)—This is an action of tort in which the plaintiff seeks to recover damages for injuries alleged to have been received as a result of the negligent operation of a motor vehicle by the defendant. The alleged accident took place beneath the elevated structure of the Boston Elevated Railway Company, on Atlantic Avenue, Boston. It is unnecessary to set out the evidence in detail, because it is conceded by the plaintiff, and we think rightly so, that the evidence warranted a finding for either the plaintiff or the defendant depending upon what part of the testimony the court believed. At the conclusion of the trial the court made the following special finding:

"Upon the whole case, I find that the plaintiff's own negligence contributed to his accident and that said accident was in no wise attributable to any negligence or fault on the part of the defendant. I, therefore, find for the defendant."

The plaintiff duly filed seven requests for rulings and he now claims to be aggrieved by the court's treatment of requests numbered 1, 2, 3 and 7.

The court's action on requests numbered 1 and 2 shows no prejudicial error. It is plain that the plaintiff was not "deprived of the right to have the evidence considered upon the material issues of fact" raised by those requests. That was all he was entitled to. *Strong* v. *Haverhill Electric Co.* 299 Mass. 455. Cf. *Threlfall* v. *Coffee Roasters Products, Inc.* 306 Mass. 378. *Home Savings Bank* v. *Savransky*, 307 Mass. 601.

There is no error connected with the court's denial of the plaintiff's third request for several reasons. 1. It is elementary that one does not recover in a tort action of this nature by simply proving negligence on the part of the defendant. The request ignores the question of due care on the part of the plaintiff and also that relating to injury resulting from the defendant's negligence. The request, therefore, is not sound as an abstract proposition of law. 2. It asks the court to pass upon a "fragment" of the evidence bearing on the issue involved and ignores evidence sufficient to warrant the trial judge

in reaching conclusions contrary to those desired by the plaintiff. It is well settled that a judge is not required to pass upon requests based upon "fragments of evidence." *Barnes* v. *Berkshire St. Ry.* 281 Mass. 47. *Tookmanian* v. *Fanning*, 308 Mass. 162. 3. It is immaterial in view of the fact that the court did not find "that any obstruction to the defendants' view . . . was a contributing cause to the plaintiff's accident." *Boston Morris Plan Co.* v. *Repetto*, 269 Mass. 72. *Pemberton Sq. Operating Co.* v. *Lydon*, 292 Mass. 63.

There also is no error in the court's denial of the plaintiff's 7th request. The court found "Upon the whole case . . . that the plaintiff's own negligence contributed to his accident" and "that said accident was in no wise attributable to any negligence or fault on the part of the defendant . . ." The evidence reported warrants findings that as the defendant's car was proceeding along Atlantic Avenue "in a line of traffic . . . travelling 10 to 20 miles per hour" . . . the cars in the line of traffic being . . . "from 10 to 15 feet between each other" . . . "the plaintiff walked right into the side of the car"; and "that at the hospital the plaintiff, when asked how the accident happened, said 'I don't want you to blame the driver, I didn't know what I was doing. I walked into the side of the car.' "

It is plain that the court's finding of contributory negligence on the part of the plaintiff is suported by the evidence. Under these circumstances there could be no recovery by the plaintiff even though the defendant was negligent. Therefore, the question of the defendant's negligence became immaterial. In view of our conclusion that the plaintiff has no legal grievance by the court's action on the requests above referred to, it follows that the report must be dismissed. The defendant submits that this appeal is frivolous and that the report should be dismissed with double costs. We so find.

Report dismissed with double costs.