WALTER A. GODDARD *vs.* D. H. MORRISSEY.

Suffolk.     November 15, 1898. — March 2, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Breach of Contract — Lord's Day — Evidence — Defence — Damages.*

A written contract of hiring of a performer for " the week of June 28," which provides that he is to be " in the afterpiece if required . . . Train leaves at 1 P. M. Sunday," does not require performance on the Lord's day; and a journey on that day is not an essential step to the performance of the contract.

Where a person has entered into a written contract to employ certain performers who are to be competent and satisfactory to him, he cannot contend that the performers were not competent or satisfactory, if he refuses the service for another reason.

Evidence, in an action for breach of a contract to employ the plaintiff and two other performers for " the week of June 28," that the plaintiff was out of employment for the week, and that he engaged as his own employees persons whose services he was bound to furnish, justifies a finding for more than nominal damages.

CONTRACT, for breach of the following written agreement: " Boston, June.    Mr. Wal't Goddard: Dear Sir, — You are booked at Lakeview Park, Lowell, week of June 28, as California Trio, yourself and two people, tenor and bass.    Every one works in the afterpiece if required.    Salary sixty dollars. Yours, D. H. Morrissey.    P. S.    Train leaves at 1 P. M. Sunday."

Trial in the Superior Court, without a jury, before *Hammond*, J., who allowed a bill of exceptions in substance as follows.

This promise was written by one Chase, who signed the defendant's name to it and delivered it to the plaintiff with the knowledge and consent of the defendant, who ratified it on con-

dition that the two people should be competent and satisfactory to him. It appeared that this was all done on Monday, June 21, 1897. Within the same week and before June 28, the defendant informed the plaintiff that he could not obtain the premises at Lakeview Park, and therefore would not need the services of the plaintiff or the two others, and refused to accept their services when they were offered to him. Prior to the notice to the plaintiff that the defendant would not need his services, the plaintiff had engaged two others, one McKenna and one Ballentyne, as the two people designated in the contract, neither of whom had any conversation or agreement with the defendant personally at any time relative to the agreement. It was admitted that they were competent performers, and would have been satisfactory to the defendant. In consequence of the notice received by the plaintiff from the defendant, neither the plaintiff nor said two people presented themselves at the depot on Sunday, June 27, nor at Lakeview Park on June 28, although prior to and after notice they were at all times ready and willing and offered to go to Lakeview and to perform the services specified in the agreement. There was no evidence as to the amount of the individual share of the plaintiff in the sixty dollars mentioned in the contract, nor any evidence to show what would have accrued to him by its performance. The plaintiff was to be paid the sum of sixty dollars, and to make his own terms with the others. There was no evidence that the plaintiff had paid McKenna or Ballentyne anything, or that any demand was made upon him for such payment.

The plaintiff's evidence showed that he was ready and willing and offered to comply with the terms of the defendant's promise, and that he was out of employment during the week, and that one of his men lost some work.

The defendant requested the ruling that, upon all the evidence, the plaintiff could not recover. The judge refused so to rule, and found for the plaintiff in the sum of fifty dollars. The defendant alleged exceptions.

*E. F. Collins,* for the defendant.

*F. W. Adams,* for the plaintiff.

BARKER, J. 1. The defendant now contends that the contract called for services, part of which were to be rendered on

thé Lord's day, and could not be enforced, and that, although the illegality was not pleaded nor called to the attention of the court below, it is apparent and can be taken advantage of here.   But the contract is susceptible of a construction which makes it legal, and we have no doubt that this construction was given to it by the court below.   The contract was a hiring for the "week of June 28," that is to say, for the secular days of that week. It does not appear that the plaintiff and those whom he was to furnish to work with himself were required to perform on the Lord's day.   They were to be "in the afterpiece if required"; but the postscript, "Train leaves at 1 P. M. Sunday," implied that they were not to give a performance on the Lord's day. The defendant contends that the contract implied that they were to go from Boston to Lowell by the Sunday train.   But a journey on the Lord's day was not an essential step to the performance of the contract.   The plaintiff and his performers were no doubt to be at the Park in season to perform on Monday, but could go from Boston on a secular day.   The postscript merely informed them of a train which they could take.

2.  If the further stipulation, that the two people whom the plaintiff should furnish should be competent persons and satisfactory to the defendant, was made a part of the contract, it affords no ground of defence.   The defendant did not base his refusal to perform the agreement upon the ground that either of the two persons was incompetent, or was not satisfactory to the defendant, but upon the ground that the defendant could not get the Park, and therefore did not need the services.   If he had taken the ground that the persons engaged were incompetent or unsatisfactory, the plaintiff might have procured others.   By refusing for other reasons to accept the services offered, the defendant lost the right to object that the persons engaged were not competent or satisfactory.   See *Gilbert & Barker Manuf. Co.* v. *Butler*, 146 Mass. 82.

3.  The defendant also contends that the damages should have been either the full amount which the plaintiff was to receive under the contract, or merely nominal.   The full amount was sixty dollars, and the amount of the finding for the plaintiff was fifty dollars.   The defendant was not harmed by a finding against himself of fifty dollars rather than of sixty.   The evidence justi-

fied a finding for more than nominal damages. The plaintiff was out of employment for the week, and he engaged as his own employees persons whose services he was bound to furnish.

*Exceptions overruled.*