WILLIAM K. OTIS *vs.* ESTHER B. FREEMAN.

Norfolk.    March 16, 1908. — May 22, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Equity Pleading and Practice*, Amendment. *Equity Jurisdiction*, Court will not aid to establish title acquired for unlawful purpose.

A bill in equity, by a married man against a single woman, sought to establish the plaintiff's title to household furniture used in an apartment in which the plaintiff and the defendant had been living together, and a stipulation was made by the counsel for both parties that the title to the property should be tried in the suit. A master to whom the case was referred found for the defendant upon the issue of the title to the furniture. After this finding against him the plaintiff moved for leave to amend his bill by alleging a debt from the defendant to the plaintiff, and seeking under R. L. c. 159, § 3, cl. 7, to reach the furniture as the property

of the defendant. The judge who heard the case denied the motion. *Held*, that, even apart from the fact that the property, so far as it was not exempt from attachment, apparently could have been reached at law, the motion to amend was denied rightly.

In a suit in equity by a married man against a single woman to establish the plaintiff's title to household furniture used in an apartment in which the plaintiff and the defendant had been living together, if it is found by a master, on evidence not reported, that the defendant bought the furniture with money supplied to her by the plaintiff for the purpose of inducing her to become and remain his mistress and that she did so become and remain, and that the furniture so bought was not bought or used for any lawful purpose but was intended and used by the parties to surround and guard their intercourse with a setting of safety, seclusion and ease, the court will not consider whether the plaintiff has any title to the furniture, as, even if he has, the court will not aid him to secure the title to or possession of property which was a part of the price of such unlawful conduct, but will leave the parties in the position in which they have placed themselves.

BILL IN EQUITY, filed in the Superior Court on August 7, 1905, to restrain the defendant from removing articles of household furniture, alleged to belong to the plaintiff, from an apartment on Beacon Street in the town of Brookline, and from selling, assigning or disposing of such articles.

The answer denied the plaintiff's title to the property, and alleged that the counsel for both parties had agreed that the title to the property should be tried in this suit. The case was referred to Wade Keyes, Esquire, as master. He found that the stipulation alleged in the answer had been made by the counsel for the parties. Among other findings contained in his report were the following:

" I find that the defendant was the mistress of the plaintiff, and that while this relationship existed she was dependent upon him for her living and her pleasure, and received from him money whenever she asked for it, regardless of how she expended it, and whether he approved or did not approve of her expenditures, and that he furnished her a living and money for the purpose of preserving their illicit relations, and for no other purpose whatever."

" I find that the plaintiff fails in his proof to show any contemporaneous agreement between himself and the defendant as to the ownership of the furniture bought by her with money which she received from him.

" I find upon all the facts in this case that the plaintiff, a married man, voluntarily supplied money to the defendant, a single

woman, in the manner he did, for the purpose of inducing her to become and remain his mistress; and I rule that all the money thus supplied her by him during their relationship when it left his hands, so far as he is concerned, is gone, and becomes in her hands an irrevocable gift, leaving in him no right or title to it, or its proceeds, which a court of equity may recognize or enforce.

"I find that the title to the property in issue appeared to be in the defendant at the time of its purchase, and I rule that there is nothing disclosed by the facts in this case to warrant a court of equity in divesting her of it.

"From all the foregoing facts and rulings I find for the defendant upon the issue of title to the furniture."

In the Superior Court the case was heard by *De Courcy*, J. The plaintiff moved for leave to amend his bill by adding allegations that the defendant owed him $750 for money lent, with interest from November 1, 1905, when he demanded payment, and that the defendant claimed "to be owner, and to have an interest in" the furniture which was the subject of the suit, and by adding prayers that the plaintiff's debt might be established, that execution might issue therefor, and that an injunction might issue restraining the defendant from assigning, selling or conveying the property until the further order of the court. The judge denied the motion to amend, and the plaintiff appealed.

The judge made a final decree overruling the plaintiff's exceptions to the master's report, confirming the report, and ordering that the bill be dismissed with costs. The plaintiff appealed.

*W. F. Porter*, for the plaintiff.

*A. E. Burr*, for the defendant.

SHELDON, J. 1. The plaintiff's motion to amend his bill was denied by the Superior Court, and he has appealed from that order. It would be a strange thing if, after bringing his bill for the purpose of establishing his title to and right of possession of the household furniture mentioned, and after obtaining an agreement of the parties that the title to the property should be tried in this action, he could at the same time and in the same bill seek to reach that furniture as the property of the defendant under the provisions of R. L. c. 159, § 3, cl. 7. Apart from the fact that this property, so far as it was not exempt from attach-

ment, apparently could have been reached at law, this liberty was rightly refused to the plaintiff.

2. It is difficult to see how upon the facts found by the master it could be said that the title to the furniture was in the plaintiff. The money with which the defendant bought it from time to time was a part of what he gave to her. None of this money was furnished to her by him for the specific purpose of buying furniture for his benefit. All the money which she expended for furniture the master has found was furnished to her by the plaintiff precisely as the money which she expended for other things was furnished to her by him, — upon her asking. for it, though without any express understanding or agreement between the parties as to whether it was a gift or a bailment; and the plaintiff admits that the other money which he furnished to her, except certain specific loans, was really a gift to her. Under these circumstances, it is not easy to see how he was harmed by any of the rulings of the master, or how any of his exceptions can be sustained.

But we do not deem it necessary to pass upon this question. The master has found, and as the evidence has not been reported this finding is conclusive, that the money supplied by the plaintiff to the defendant was for the purpose of inducing her to become and remain his mistress ; and that she did so become and remain. This includes the money with which the furniture was bought and paid for. And the furniture itself, bought with the money furnished for this unlawful end, was not bought for or used with any lawful purpose, but was merely designed and used by the parties to surround and guard their intercourse with a setting of safety, seclusion and ease. It was a part of the price given by him to her to secure the continuance of their meretricious relations. Under these circumstances, the court will not interfere to secure to the plaintiff the title to or possession of property bought with money which he has thus made a part of the price of such unlawful conduct. It will leave the parties in the position in which they have placed themselves.

The decree of the Superior Court denying the plaintiff's motion for leave to amend his bill and the decree dismissing his bill with costs must both be affirmed.

*So ordered.*