ALBERT H. B. ARNOLD *vs.* CHANDLER MOTORS OF NEW ENGLAND.

Suffolk.    January 11, 1923. — March 1, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Conversion. Sale,* Rescission.

In an action of tort against a corporation for the conversion of a motor car, the following facts appeared: The defendant sold and delivered the car to a purchaser for his notes and a check and gave him a bill of parcels of the car. The following day the purchaser delivered the car to a warehouse corporation, receiving from it a receipt stating that the car was received from him for the account of a certain trust company, which had made a loan to him, and would be delivered upon surrender of the receipt properly indorsed and payment of storage charges. The warehouse corporation and the defendant occupied the

same building, used the same offices, and the officers of both companies were the same; the manager of the warehouse was the purchasing agent of the defendant and was paid by both. A day later the purchaser gave the defendant a check to take up his unmatured notes. Both of his checks to the defendant were protested for non-payment, there being no funds to meet them at the bank on which they were drawn. The defendant then charged the purchaser with the amount of the checks and notified the warehouse corporation not to let the car go out of its possession until it learned whether the purchaser "intended to settle the checks up or not." Later the purchaser negotiated with the plaintiff, who paid the purchaser's obligation to the trust company, taking from it his bill of parcels, and gave him some cash, the purchaser giving the plaintiff a bill of sale as security. As a part of the same transaction the plaintiff gave to the purchaser a lease of the car under which a certain amount was to be paid to the plaintiff monthly for a period of six months for the use of the car, the title to vest in the purchaser when the last payment was made. The bill of sale was not recorded in accordance with G. L. c. 255, § 1. The purchaser then made a payment of cash to the defendant, who credited him therewith on its books, continuing to charge him with the balance. Subsequently, either by the purchaser or the trust company, the warehouse receipt was surrendered to the warehouse corporation. For default on a payment under the lease from the plaintiff to the purchaser, the plaintiff thereupon showed the papers relating to the transaction to the defendant's treasurer and demanded possession of the car, which was refused. A judge, who heard the action without a jury, found that, after the surrender of the receipt, the warehouse company held the car, not as a warehouseman, but as agent of the defendant. The judge specifically found that the plaintiff bought the car from the purchaser in good faith for value and without notice; that the purchaser's title had not been rescinded and that the plaintiff was entitled to recover. *Held,* that

(1) The conduct of the defendant was, or could have been found to be, wholly inconsistent with an intention to rescind the contract, and the judge was fully justified in finding that it was not rescinded and that title did not revest in the defendant;

(2) Although under G. L. c. 255, § 1, the bill of sale from the purchaser to the plaintiff was invalid, except as to themselves, because it was for security and was not recorded, an inference was warranted that by the giving of the lease by the plaintiff to the purchaser it was understood and agreed between the parties thereto that the plaintiff should have the absolute title and ownership in the property, and that the purchaser might regain title if he performed the conditions of the lease;

(3) Upon failure of the purchaser to perform the conditions of the lease to the plaintiff, the plaintiff became entitled to possession of the car;

(4) A finding for the plaintiff was warranted.

TORT for conversion of an automobile. Writ dated June 30, 1920.

In the Superior Court, the action was heard by *McLaughlin,* J., without a jury. Material facts found by the judge are described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"1. Upon all the evidence judgment should be entered for the defendant.

"2. When money was advanced by the plaintiff on the car in suit, the car was lawfully in possession of the defendant in the exercise of its lien as an unpaid seller by reason of the fact that checks given for the purchase price had come back protested.

"3. The possession of the car in suit by the Beacon Storage Warehouse Company, when the plaintiff advanced money thereon, was, in fact, the possession of the defendant.

"4. Reynolds had no title to the car when he obtained money from the plaintiff, and the plaintiff can get no better title than that of Reynolds'.

"5. Any title that Reynolds had to the car when he obtained money from the plaintiff was subject to the lien of the defendant for the payment of the protested checks, and the title obtained by the plaintiff was subject to the same lien.

"6. The plaintiff was not entitled to possession of the car until Reynolds' unpaid checks had been made good.

"7. Plaintiff having taken a bill of sale and a lease intended as security for a loan and failed to record the same, cannot recover in this action as owner of the car."

The trial judge' refused to give the first, second, third and seventh requests. The fifth request was given with the qualification, "provided that the defendant has not lost its lien by surrendering possession." The sixth request was given with the qualification, "provided that the defendant has not lost its lien by surrendering possession."

There was a finding for the plaintiff in the sum of $903.33; and the defendant alleged exceptions.

G. L. c. 255, § 1, is as follows: "Mortgages of personal property shall, within fifteen days from the date written in the mortgage, be recorded on the records of the town where the mortgagor resides when the mortgage is made, and on the records of the town where he then principally transacts his business. If the mortgagor resides out of the Commonwealth, and the property mortgaged is within the Commonwealth when the mortgage is made, the mortgage shall be recorded on the records of the town where the property then is. If a record in two different places is required and the mortgage is recorded in one within said fifteen

days, it may be recorded in the other within ten days after the date of the first record. The mortgage shall not be valid against a person other than the parties thereto until so recorded; and a record made subsequently to the time limited shall be void. This section shall apply to bills of sale given for security. If the condition for redemption of the property included in such bill of sale is in writing, it shall be recorded with and as a part of the bill of sale; if the condition for redemption is oral, a written statement of such condition signed by the mortgagee shall be so recorded."

*J. T. Connolly*, for the defendant.

*J. A. Daly*, for the plaintiff.

CROSBY, J. This is an action to recover for the conversion of an automobile. The case was heard by a judge of the Superior Court who made certain findings and rulings, from which findings it appears that on March 22, 1920, the defendant sold an automobile to one Reynolds for $825, and took in payment four promissory notes each in the sum of $100, and a check for $425. The defendant gave him a receipt or bill of parcels reading in part as follows: "Sold to W. A. Reynolds one Hudson car." On the following day Reynolds deposited the car with the Beacon Storage Warehouse Company, and took therefrom a receipt which recited that the car was received from Reynolds for account of the Fidelity Trust Company, and would be delivered upon surrender of the receipt properly indorsed and payment of storage charges. It is found that the receipt was issued under an arrangement by which Reynolds borrowed $200.80 from the trust company, giving his note for that amount accompanied by a bill of sale as security and the warehouse receipt and the receipt or bill of parcels signed by the defendant. On March 24, Reynolds gave the defendant a check for $400 to take up the four notes which had not matured; they were in the bank and never were actually surrendered. There were no funds in the bank to meet this check, or that for $425 given on March 22, and both were protested. The defendant then charged Reynolds on its ledger account with the checks, and notified the warehouse company not to let the car go out of its possession until it learned whether Reynolds "intended to settle the checks up or not." The car remained in the warehouse until the following January. On April 12, 1920,

Reynolds told the plaintiff he owned the car, that he had borrowed money on it from the trust company and wanted to take up the note and get in addition whatever the plaintiff was willing to lend him; the plaintiff, after having an appraisal of the car made, paid the note to the trust company, took from it the defendant's receipt or bill of parcels, gave Reynolds a check for $199.20 and took from him a bill of sale of the car as security. As a part of the same transaction the plaintiff gave to Reynolds a lease of the car under which a certain amount was to be paid to the plaintiff monthly for a period of six months for the use of the car, the title to vest in Reynolds when the last payment was made. The bill of sale was not recorded in accordance with G. L. c. 255, § 1. On April 13, Reynolds paid the defendant $125, which was credited to his account, and left a balance due of $703.08, which was charged against him on the defendant's ledger. On or about May 4, 1920, the warehouse receipt was surrendered to the warehouse company, either by Reynolds or the trust company, and thereafter the car remained in its possession subject to the orders of the defendant. The warehouse company and the defendant occupied the same building, used the same offices, and the officers of both companies were the same; the manager of the warehouse was the purchasing agent of the defendant and was paid by both. After the surrender of the receipt, the warehouse company held the car not as a warehouseman, but as agent of the defendant. Reynolds defaulted in the first payment due the plaintiff under the lease which became due May 12. The plaintiff thereupon showed the papers relating to the transaction to the defendant's treasurer and demanded possession of the car, which was refused.

The judge specifically found "that the plaintiff purchased the car from Reynolds in good faith for value and without notice."

Upon the foregoing facts the judge found that title to the automobile, although originally voidable and defeasible, passed to Reynolds; and that the notice to the warehouse company given by the defendant was not a disaffirmance or avoidance of the contract, that it did not reinvest title in the defendant, and that Reynolds' title was transferred to the plaintiff.

There is no doubt that the defendant sold and delivered the car to Reynolds originally and took his check and notes in pay-

ment therefor; still an unpaid seller having a right of lien may rescind the transfer of title and resume property in the goods "if the buyer has been in default in the payment of the price an unreasonable time." G. L. c. 106, § 50, cl. 1.

It is also provided by cl. 2 of the same section that "The transfer of title shall not be held to have been rescinded by an unpaid seller until he has manifested by notice to the buyer or by some other overt act an intention to rescind." We are of opinion that the notice to the warehouse company not to let the car out of its possession until the defendant learned whether Reynolds "intended to settle the checks up or not" was not a disaffirmance of the contract. There is nothing to show that any notice was given by the defendant to Reynolds of an intention to rescind; on the contrary the notice given to the warehouse company was not to keep the car for the defendant, but was merely a notice not to let it go out until the defendant learned whether Reynolds intended to pay the checks. Besides, it appears that the defendant kept the checks and charged them to Reynolds on its ledger. The conduct of the defendant was, or could have been found to be, wholly inconsistent with an intention to rescind the contract, and the judge was fully justified in finding that it was not rescinded and did not reinvest the title in the defendant.

Manifestly the bill of sale of Reynolds to the plaintiff was invalid except as to the parties thereto, as it was not recorded. G. L. c. 255, § 1. We need not determine whether the plaintiff obtained title to the car under the bill of sale (as to which see *Pratt* v. *Harlow*, 16 Gray, 379), as it is to be inferred that by the giving of the lease by the plaintiff to Reynolds it was understood and agreed between the parties thereto that the plaintiff should have the absolute title and ownership in the property, and that Reynolds might regain title if he performed the conditions of the lease, which he failed to do. The contention of the defendant that, as it does not appear in the record what the terms of the lease were, the finding was not justified, is unsustainable; the lease is not before us, but we may assume that it was before the judge and that upon it he based his finding that the plaintiff purchased the car from Reynolds in good faith, for value, without notice, and that the plaintiff was entitled to possession of it. As possession was refused by the defendant, after demand, the

plaintiff is entitled to recover its market value, which was found to be $800 with interest from the date of conversion.

The defendant's requests for rulings need not be considered in detail; they were properly refused except so far as given.

*Exceptions overruled.*