RELIABLE FINANCE CORPORATION *vs.* OSCAR BALDRATE
& others.

Hampden.    September 19, 1934. — June 24, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Evidence,* Of signature, Of delivery.  *Contract,* Validity.  *Practice, Civil,*
Appellate division: appeal.

The evidence warranted findings that one who was unable to read or
write executed an instrument by having it signed in his name by
another, and that it was duly delivered.

In the absence of fraud or misrepresentation, one who, being unable to
read or write, executed an instrument by having it signed in his name
by another, without seeking to have it read or explained to him, was
bound by it.

Questions not raised by requests for rulings at the trial of an action in a
district court and not set forth in a report to the Appellate Division
were not open in this court on appeal from the order of the Appellate
Division.

CONTRACT upon a bond.  Writ in the District Court of
Springfield dated February 4, 1932.

The action was heard in the District Court by *Spooner,*
J., who found for the plaintiff in the sum of $400, the penal
sum of the bond.  Material evidence and findings by the
judge are stated in the opinion.  A report to the Appellate
Division for the Western District was ordered dismissed.
The defendant Festa appealed.

*J. F. Egan,* for the defendant Festa, submitted a brief.

No argument nor brief for the plaintiff.

RUGG, C.J.  The plaintiff brought an action against the
defendant Oscar Baldrate and attached certain of his goods.
To dissolve that attachment Baldrate delivered a bond on
which there appeared his name as principal and those of his
wife Dita Baldrate and one Fiorentina Festa as sureties.
This bond was conditioned upon the failure of Oscar Bald-
rate to pay the amount of judgment in the action within
thirty days after final judgment.

The present action is upon the bond. The plaintiff after setting out the above facts alleges in its declaration that more than thirty days have elapsed since the rendition of final judgment in the original action, and that nothing has been paid upon it. The defendants Oscar and Dita Baldrate have been defaulted. The answer of the defendant Festa denies her signature and contains a general denial. There was evidence before the trial judge tending to show that, after Oscar and Dita Baldrate signed the bond, the husband gave it to his wife and sent her to see Mrs. Festa, who had known the Baldrates for fifteen years and lived nearby. Mrs. Baldrate brought a paper to the home of Mrs. Festa, which she requested her to sign after telling her the paper would make no trouble. Mrs. Festa, being unable to read or write, told her daughter, then twenty-two years of age, to sign the paper for her, which she did in the presence of her mother. The bond was returned to Oscar Baldrate by a girl known to him by sight, who lived near the defendant Festa, with the name of the latter on it. The bond was received in evidence subject to the objection and claim for report of the defendant Festa. No evidence of the date of the final judgment was offered.

The trial judge found that Mrs. Festa signed the bond through her daughter as agent and delivered it to Baldrate for the purpose of delivering it to the plaintiff. Requests for rulings that there was no evidence that the signature on the bond was Mrs. Festa's were denied, and objection to the introduction of the bond in evidence was overruled. The case was reported to the Appellate Division.

The principal contention of the defendant Festa is that there was no evidence that her signature was on the bond and that, due to insufficient authentication, the bond was improperly admitted in evidence. The evidence reported and the reasonable inferences of which it is susceptible, together with all the circumstances of the transaction, although somewhat slender, justify the findings of the trial judge that the defendant Festa executed the bond by directing her daughter to sign it in her name, and that it was delivered by her authority to Baldrate.

No fraud or misrepresentation was practised upon Mrs. Festa in procuring her signature to be affixed to the bond by her daughter. Although this defendant could not read or write, there is nothing to indicate that her daughter could not read readily. There was no contradiction in the testimony that she signed the name of her mother at her direction. Her mother did not ask to have it read or explained to her. She is in these conditions bound by the terms of the instrument confessedly signed in her name and by her direction by her daughter. *Atlas Shoe Co.* v. *Bloom,* 209 Mass. 563, 567. *Wilkisius* v. *Sheehan,* 258 Mass. 240. *Boston Morris Plan Co* v. *Repetto,* 269 Mass. 72.

There was evidence that the bond was sent to the defendant Festa by the wife of Baldrate and was returned to him with Mrs. Festa's name on it by the girl of a neighbor. The inference was permissible that there was thus delivery of the bond by this defendant. *Waverley Lumber Co.* v. *Piantedosi,* 262 Mass. 377.

Suggestion is made in argument that there is no evidence in the record that there was a final judgment for the plaintiff in the original action and failure to pay the same by the principal on the bond within thirty days after such final judgment. That argument is not now open to the defendant Festa; there were no requests for rulings or for report on those points, and they are not set forth in the report. Those matters are not before us.

*Order dismissing report affirmed.*