RUSSELL L. KELSEY *vs.* HAMPTON COURT HOTEL COMPANY.

Middlesex.     January 30, 1951. — March 6, 1951.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Practice, Civil,* Appellate Division: appeal; Correction of error; Findings
     by judge; Requests, rulings and instructions.

A question of law not raised at a trial in a District Court nor set forth in a
     report to the Appellate Division was not open in this court on appeal
     from the order of the Appellate Division.
In order that a party to an action in a District Court have standing to
     present to the Appellate Division and to this court a question of in-
     consistency between a ruling made and the general finding, he should
     first raise such question in the District Court by a motion to correct
     the inconsistency or by a motion for a new trial.
No error appeared in the denial of a request for ruling which had no basis
     in the evidence.

CONTRACT. Writ in the Third District Court of Eastern Middlesex dated March 30, 1949.

The action was heard by *Walcott*, J.

In this court the case was submitted on briefs.

*M. Wainer*, for the defendant.

*J. A. Polcari & L. Tobin*, for the plaintiff.

RONAN, J. This is an action of contract in three counts. The first count alleges the making of a contract on or about January 25, 1949, whereby the plaintiff agreed to furnish music by his orchestra on every Friday and Saturday evening for the ensuing three months, for which the defendant promised to pay him $41.40 for each engagement; that after playing on two evenings, the defendant repudiated its agreement, causing damage to the plaintiff; and that the plaintiff, relying on said agreement, refused and suffered the loss of other engagements. The second count sought to recover $30 for furnishing music in the early part of the evening of November 15, 1948, at the request of the defendant, while the third count seeks to recover $41.40 for rendering musical services for the defendant later in the evening of the last mentioned date. The judge found for the plaintiff on the first count for $652.40 and in the amounts claimed by the plaintiff in the second and third counts, or a total of $723.80. The defendant appealed from a decision of the Appellate Division dismissing the report of the trial judge.

The findings on counts 2 and 3 are not questioned by the defendant, but it contends that there was error in the finding on count 1. There was evidence from which it could be found that the plaintiff and the defendant entered into an agreement on January 25, 1949, by which the plaintiff agreed to have his orchestra, consisting of himself and two other musicians, render services at the defendant's hotel on each Friday and Saturday night during the three months beginning January 28, 1949, for which the defendant promised to pay him $41.40 for each evening; that after playing on the evenings of January 28 and 29, the plaintiff was discharged; that it was then too late for the plaintiff again to obtain the offers for engagements for February and March

which he had refused relying upon the contract he had made with the defendant; and that when discharged he was unable to secure new engagements during these two months. There was evidence that musical engagements were always made in advance. The plaintiff hired other musicians who with himself were to comprise the orchestra for furnishing music under his contract with the defendant, and he promised to pay these other musicians at the rate of $12 a night for their services. The judge found that because of the defendant's breach of the contract the plaintiff was unable during February and March to secure new engagements to replace those lost by his discharge but that he was able to secure such engagements during April, the last month of the contractual period. He therefore found for the plaintiff for the loss of sixteen engagements at the rate of $41.40 for each engagement which the judge computed as $652.40 instead of $662.40.[1]

The defendant attempts now, apparently for the first time, to attack a subsidiary finding made by the trial judge to the effect that other musicians hired by the plaintiff to carry out his contract with the defendant and who did not testify could have obtained other engagements during April, 1949. Findings of fact as such are not reviewable by the Appellate Division and on appeal are not open here. *McKenna* v. *Andreassi*, 292 Mass. 213, 215. *Adamaitis* v. *Metropolitan Life Ins. Co.* 295 Mass. 215, 221. *Himelfarb* v. *Novadel Agene Corp.* 305 Mass. 446, 449. *James B. Rendle Co.* v. *Conley & Daggett, Inc.* 313 Mass. 712. Furthermore, whether this finding was warranted by the evidence was not reported by the trial judge. It was not presented to or decided by the Appellate Division. It cannot be considered by us. *Reliable Finance Corp.* v. *Baldrate*, 291 Mass. 150. *Aluminum Products Co.* v. *Regal Apparel Co.* 296 Mass. 84, 87. *Baker* v. *Davis*, 299 Mass. 345, 348. *Korb* v. *Albany Carpet Cleaning Co.* 301 Mass. 317, 318–319. *Cueroni* v. *Coburnville Garage, Inc.* 315 Mass. 135, 138–139.

[1] The Appellate Division ordered that this clerical error be corrected in its decision dismissing the report.

There was evidence that the plaintiff had become obligated to pay, for the balance of the contract period, the other musicians whom he hired to assist him in performing his contract with the defendant. *Goddard* v. *Morrissey*, 172 Mass. 594, 596–597. If, as the defendant contends, there was any inconsistency between the granting of its fifth request [1] and the general finding for the plaintiff, its remedy was to file a motion in the District Court for a new trial or to correct the alleged inconsistency and to secure a report on any adverse ruling and so preserve for review the question of law. *Biggs* v. *Densmore*, 323 Mass. 106, 109. In passing, it may be noted that notwithstanding the granting of this request, the judge applied the correct measure of damages in finding for the plaintiff. *Osadchuk* v. *Gordon*, 251 Mass. 540, 544. *McNally* v. *Schell*, 293 Mass. 356, 360. *Levine* v. *Lawrence & Co. Inc.* 305 Mass. 210, 212.

This brings us to the only question of law contained in the report, and that is whether there was error in the denial of the defendant's sixth request which stated, "Even if the court finds that the defendant breached the agreement as alleged by the plaintiff, the plaintiff can recover no damages for the dates of February 25 and 26, 1949, March 4, 5, 11, 12, 18, 19, 25, and 26, 1949, and for such other dates as the plaintiff may have refused musical engagements during the alleged contract period." The judge refused the request "for lack of supporting evidence."

The judge was right. The evidence showed that the plaintiff cancelled engagements he had about the time he entered into the defendant's contract in order to enable him to perform the contract, and that he was not able to secure other engagements until April, 1949. There was no evidence that he refused to accept any engagements for February or March (which were the only two months for which the de-

---

[1] "Even if the court finds that a contract existed as alleged by the plaintiff, the most the plaintiff can recover is the difference between the agreed upon price to have been paid him by the defendant, and the amount which the plaintiff would have been required to pay for three (3) musicians, and only for those nights where the plaintiff had no jobs offered to him during the contract period as alleged by him."

fendant was found liable) after he was discharged by the defendant. There was no error. The failure to grant a request not based on evidence does not constitute error. *Barnett* v. *Roberts*, 243 Mass. 233, 235. *Bianchi* v. *Denholm & McKay Co.* 302 Mass. 469, 472. *Perry* v. *Hanover*, 314 Mass. 167, 171–172. *Jacob's Pillow Dance Festival, Inc.* v. *Assessors of Becket*, 320 Mass. 311, 314. *Esau* v. *Trustees of New York, New Haven & Hartford Railroad*, 321 Mass. 330, 334.

To correct a plain clerical error judgment should be entered for the plaintiff for $733.80 with interest instead of for $723.80 with interest.

*Order dismissing report affirmed.*