*Northern District*

No. 5157

**GEORGE J. FERRIS**
**FRED P. OAKES**

v.

**HENRY GOODREAU**

(March 6, 1958)

. *Present*: Brooks, J. (Presiding), Northrup and Kelleher, JJ.

Case tried to WILLIAMS, SP. J., in the District Court of Lawrence. No. 648 of 1957.

*Northrup, J.* This is an action for conversion of a 1957 Dodge Lancer automobile. The defendant's answer is a general denial.

*At the trial there was evidence tending to show that* on April 8, 1957 one Samuel DeCesare purchased the Dodge Lancer from the defendant under a conditional sales agreement and transferred to the defendant a 1956 Plymouth as part payment therefor. On the same day, all right title and interest of the vendor under said .conditional sales agree-

ment was assigned by the defendant to the Haverhill National Bank without recourse. Thereafter, on April 23, 1957 said DeCesare entered into a written agreement with the plaintiffs for the purchase of a 1957 Cadillac and transferred to the plaintiffs all of his interest in the Dodge Lancer as a down payment on the Cadillac and as part consideration for the same. The plaintiffs' dealer plates were attached to the Dodge Lancer and DeCesare was given permission by the plaintiffs to use the same until the next day when financing of the Cadillac was to be arranged.

That evening, although no payments had become due under the conditional sales agreement, the Haverhill National Bank repossessed the Dodge automobile under a provision in the agreement for repossession in the event that the vendor deemed itself insecure. The apparent feeling of insecurity on the part of the Haverhill National Bank arose as a result of information which the bank had received to the effect that the 1956 Plymouth which was part consideration for the purchase of the Dodge Lancer might have been stolen or might be encumbered. After repossession by the bank the Dodge Lancer was placed by the bank in the custody of the defendant "for safe keeping". Thereafter on April 26, 1957 the plaintiff Oakes paid to the Haverhill National Bank the sum of one thousand six hundred eighty-six dollars and eighty-eight cents ($1686.88) which was the amount then due on the Dodge Lancer under the conditional sales agreement and obtained from the bank a release to the plaintiffs of

all of the bank's right title and interest in and to the same. On the same day the plaintiffs notified the defendant that they had purchased said agreement from the Haverhill National Bank and demanded that the defendant deliver the Dodge Lancer to the plaintiffs. The defendants delivered to the plaintiffs the dealer's plates which were on the Dodge Lancer at the time it was repossessed but refused to deliver the automobile to the plaintiffs.

On May 1, 1957 the plaintiffs notified De-Cesare by letter that they would not hold the Cadillac for him more than twenty-four hours and when said DeCesare failed to call for the car the plaintiffs sold it to another customer. At the conclusion of the testimony the defendant filed the following requests for rulings:

1. In an act of conversion the plaintiff must have present legal right to the immediate possession of the property converted.

2. The plaintiff did not have a present legal right to immediate possession of the property in question at the time of the alleged conversion.

3. The plaintiff at the time he secured the assignment of the conditional sales contract from the Haverhill National Bank knew or should have known that Samuel DeCesare had fraudulently gained possession of the 1957 Dodge Lancer from the defendant.

4. At the time the plaintiff had secured the assignment of the conditional sales contract from the Haverhill National Bank there had been no default in payment, which entitled the said Haverhill National Bank or its assignee to immediate possession.

5. The plaintiff is not an innocent purchaser for value.

6. The said Samuel DeCesare procured possession of the 1957 Dodge Lancer by entering into a contract with the defendant, which contract was entered into by fraud in the part of the said Samuel DeCesare.

7. The defendant had a right to rescind the contract with Samuel DeCesare upon learning that said contract was procured by fraud.

8. The said defendant did descind his contract with the said Samuel DeCesare.

9. The said defendant did offer to put the Haverhill National Bank in status quo at the time of a rescission of the contract.

10. Even though this court should find that the plaintiff had some indicia of ownership in the 1957 Dodge Lancer, that said plaintiff is estopped from claiming said ownership.

11. A conditional vendor of personal property retains title to said personal property until full payment is made.

12. That the plaintiff is estopped from maintaining this action of conversion, in view of the fact that he knew or should have known that Samuel DeCesare had fraudulently secured possession and control of the 1957 Dodge Lancer, and with this knowledge received an assignment of the conditional sales contract.

13. Plaintiff made no demand on the defendant for the return of the car.

The court made special findings of fact substantially in accordance with the testimony hereinbefore set forth and ruled on the defendant's requests as follows:

Request 1 — Allowed;

Request 2 — Denied — see findings of fact;

Request 3 — Denied — in the form requested. This request is premised upon the assumption that Samuel DeCesare fraudulently gained possession of the Dodge Lancer

automobile. I am unable to find on the evidence that the said DeCesare in fact gained possession of said automobile by fraud. Whatever intimation there may have been that said DeCesare did so gain possession of said automobile, the fact was not proven at the trial and I cannot so find.

Request 4 — This request is premised upon a default in payment alone; under the provisions of the conditional sales contract there are other contingencies upon which the Vendee might take possession.

Request 5 — Denied;

Request 6 — Denied in the form requested — see Findings of Fact and my disposition of request 3;

Request 7 — Denied and Request 8 denied as not applicable to the facts found; the contract referred to in this request was assigned to the Haverhill National Bank by the defendant and he subsequently never had title to the conditional sales contract and could not exercise any rights thereunder;

Request 9 — This is a request for finding of fact;

Request 10 — Denied see Findings of Fact;

Request 11 — Denied in the form requested;

Request 12 — Denied;

Request 13 — Denied — see Findings of Fact.

The court found for the plaintiff in the sum of $275.00 with interest from April 26, 1957. The defendant duly requested a report of the trial court's rulings on his requests numbers 2 to 13 inclusive and the correctness

of the court's rulings thereon is the present issue.

■ We find no error in the denial by the trial court of the defendant's requests for the reason that all of them are either requests for findings of fact or rulings of law predicated upon facts not found by the court. Such requests cannot form the basis for a successful claim of error. Requests for findings of fact have no standing. *Castano v. Leone,* 278 Mass. 429; *Matter of Loeb,* 315 Mass. 195; *Liberatore v. Town of Framingham,* 315 Mass. 538.

■ Requests for rulings of law, based upon facts not found by the court must necessarily be denied as immaterial.

■ In support of his requests for rulings the defendant argues that the plaintiffs had no present right of possession on the date of the alleged conversion and that the defendant was entitled to possession at said time because he either had never lost the right of possession or had recovered it by reason of a rescission of his contract with DeCesare. Such arguments are wholly without merit. The defendant lost whatever right he had, including his right of possession when he assigned all of his right, title and interest in his contract with DeCesare to the Haverhill National Bank. At the time of the assignment by the Haverhill National Bank of the conditional sales agreement to the plaintiffs the defendant did not have any right of possession except as a bailee for the bank, the automobile having been turned over to him "for safe keeping". When the plaintiffs purchased from the bank

all of the bank's right title and interest in and to the conditional sales agreement, they acquired all of the rights which the bank then had including its rights as bailor. *Mathew Cummings Co. v. Grande,* 281 Mass. 546; *Boston Safe Deposit & Trust Co. v. Adams,* 224 Mass. 442; *Sawyer v. Cook,* 199 Mass. 163.

There is also nothing to substantiate the defendant's argument that he was entitled to possession by virtue of a rescission of his agreement with DeCesare. After April 8, 1957 the defendant could not rescind said agreement because having assigned it to the Haverhill National Bank, he thereafter had no interest whatever in the same. Obviously an agreement cannot be rescinded by one who has assigned all of his interest therein to another. Secondly, the alleged rescission was based upon fraud on the part of DeCesare and the court specifically found that no fraud on the part of DeCesare had been proven. Thirdly, the alleged rescission existed, if at all, solely in the mind of the defendant. None of the statutory requirements for rescission as set forth in G. L. c. 106, §50, cl. 2 were complied with.

The plaintiffs, in addition to the interest which they acquired from the Haverhill National Bank, were also, at the time of the alleged conversion, the owners and innocent purchasers for value of DeCesare's interest in the Dodge automobile and were entitled to immediate possession of the same. The refusal by the defendant to deliver the automobile to the plaintiffs upon demand was a

conversion which entitled the plaintiffs to recover as damages its fair market value. *Arnold v. Chandler Motors of N. E.,* 244 Mass. 210.

There being no error in the denial by the trial court of the defendant's requests for rulings Numbers 2 - 13 inclusive, the report is ordered dismissed.

Maurice Rappaport, for the plaintiffs.
Salvatore Feraci, for the defendant.