MAX GREENBERG *vs.* JOHN J. KENNEY. April 5, 1966. In this action of tort for personal injuries sustained in a motor vehicle accident, the plaintiff by exception raises the question as to whether the trial court was in error in instructions given the jury relating to the burden of proof and in refusing to instruct the jury on this point as requested by him. In our view the judge gave adequate instruction on the burden resting upon the plaintiff and properly defined the meaning of "fair preponderance of the evidence." The judge's charge was sufficient to enable the jury to resolve any "doubt whether a fair preponderance of the evidence established the essential facts." *Callahan* v. *Fleischman Co.* 262 Mass. 437, 438–439. *Mahoney* v. *Boston Elev. Ry.* 271 Mass. 274, 280.

*Exceptions overruled.*

*Harry J. Williams* for the plaintiff.
*John R. Carney, Jr.,* for the defendant.

VENETIA M. O'DAY *vs.* RAYMOND F. O'DAY & another. April 8, 1966. In this action of tort for personal injury to a guest in a car driven by one of the defendants and owned by the other, there was a declaration in four counts, two against each defendant respectively alleging negligence and gross negligence. Verdicts were directed on the plaintiff's opening statement on three of the counts. Evidence was taken on the count alleging negligence against the operator. When the plaintiff had concluded her evidence on that count the court directed a verdict for the defendant operator. The plaintiff excepted to the directed verdicts on three counts. There was no error. The guest was engaged in a shopping errand with and for her daughter-in-law springing solely from "casual intrafamily coöperation" which made her status no more than a licensee. *Pandiscio* v. *Bowen,* 342 Mass. 435, 438. The accident arose from momentary inattention where no unusual hazard was presented. There was no gross negligence. *Altman* v. *Aronson,* 231 Mass. 588, 591, 592. *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 172.

*Exceptions overruled.*

*Walter E. Palmer* for the plaintiff.
*John R. Carney, Jr.,* for the defendants, submitted a brief.