*Northern District*
No. 6368

**JOHN VanKIRK, ppa
and another**

**v.**

**STEPHEN S. GOHEEN**

Argued: Feb. 8, 1967 Decided: May 12, 1967

*Present:* Brooks, P.J., Connolly, Yesley, J.J.

Case tried to *Viola, J.* in the Third District Court of Eastern Middlesex. No. 642.

*Yesley, J. This is an action by a minor (the plaintiff) to recover damages for injuries sustained while a passenger in a motor vehicle operated by the defendant,* count 1 alleging that the injuries were caused by the defendant's negligence and count 2 that they were caused by gross negligence on the part of the defendant. Counts 3 and 4 are for consequential damages.

The trial justice found for the defendant on all counts, and made the following special findings of fact: that at about 2:00 A.M. on June 13, 1965, eight boys including the plaintiff and defendant left a beach party at Newcomb Hollow Beach in Wellfleet, Massachusetts, in defendant's jeep, "to be driven to various places"; that after traveling a short distance on a dark back road, the jeep struck a tree as a result of which the plaintiff was injured. He specifically found that the group in the car "were engaged in a common enterprise", that the plaintiff "was not conferring any benefit to the defendant in the performance of anything in which the defendant had an interest other than one that arose out of social contact", and that the defendant was free of any gross negligence.

The issues presented by the report are whether the trial justice erred in denying the plaintiff's requests for rulings and his motion for a new trial. The requests were as follows:

1. The defendant owed to the plaintiff at the time of the accident the duty to exercise reasonable care in the operation of the motor vehicle.

2. The defendant was not in the exercise of due care in the operation of the motor vehicle at the time of the accident.

3. The plaintiff was in the exercise of due care at the time of the accident.

4. The plaintiff was injured and the negligence of the defendant in the operation of the motor vehicle was the proximate cause of the plaintiff's injuries.

All were denied, requests numbered 1, 2 and 4 as being inapplicable.

Requests numbered 2, 3 and 4 do not call for requests for rulings but rather seek findings of fact. The disposition by the trial justice of such requests presents no question for review by the appellate division. *Himelfarb* v. *Novadel Agene Corporation,* 305 Mass. 446, 449. *Ahern* v. *Towle,* 310 Mass. 695, 701; *Kelsey* v. *Hampton Court Hotel Company,* 327 Mass. 150, 152; *Stella* v. *Curtis,* 348 Mass. 458, 461, 462.

Request numbered 1 called for a ruling that the test of defendant's liability was whether or not he was guilty of ordinary negligence. As a passenger, to be entitled to recover under that test he must show that he "conferred a benefit in the performance of something in which the defendant had an interest". *Taylor* v. *Goldstein,* 329 Mass. 161, 163, provided that the benefit is other than "those intangible advantages arising from mere social intercourse" — *O'Brien* v. *Shea,* 326 Mass. 681, 683.

The evidence as to the circumstances under which the plaintiff became a passenger in the defendant's jeep was as follows:

That the plaintiff and defendant were in a parking lot near the beach when several boys who had attended the party asked for a ride to the main road about two miles from the beach, that the defendant answered that he would take them but that he was not familiar with the road and needed someone to ride with him to guide him back to the beach, that the plaintiff said he would show the defendant the way back to the beach, that about nine people in all got into the jeep and they drove off.

Whether or not this evidence would have justified a finding that the plaintiff conferred a benefit on the defendant such as gave him status to recover for ordinary negligence (see *Lyttle* v. *Monto,* 248 Mass. 340), the trial justice did not so find as a fact. He found that the plaintiff "was not conferring any benefit to the defendant in the performance of anything in which the defendant had an interest other than one that arose out of social contact."

That finding was not challenged as to the sufficiency of the evidence to support it (see *Stella* v. *Curtis,* 348 Mass. 458, at page 461.) It may not be reviewed by this Division. *Himelfarb* v. *Novadel Agene Corporation,* 305 Mass. 446, at page 449; *Ahern* v. *Towle,* 310 Mass. 695, at page 701; *Kelsey* v. *Hampton Court Hotel Company,* 327 Mass. 150, at page 152.

 That finding rendered request numbered 1 inapplicable, since as a passenger not conferring any benefit on the operator, he must prove *gross,* not ordinary, negligence in order to recover. *Lynch* v. *Springfield Safe Deposit & Trust Co.,* 294 Mass. 170, 172; *O'Day* v. *O'Day,* 350 Mass. 778. See also *Pandiscio* v. *Bowen,* 342 Mass. 435, 437. No contention is made that there should have been a finding for the plaintiff on the ground of *gross* negligence on defendant's part. The trial justice found him free of such negligence. There was no error in denying request numbered 1.

 The denial of plaintiff's motion for a new trial was addressed to the court's discretion. *Hartmann* v. *Boston Herald-Traveler Corporation,* 323 Mass. 56, 60, 61. We see no abuse of discretion, *Bartley* v. *Phillips,* 317 Mass. 35, 43.

**There being no error, the report is ordered dismissed.**

DOLBEC, NUGENT & WORTHINGTON
for plaintiff
GOULD, SERRA & FLYNN
for defendant