Louis H. Cohen
   of Springfield for the plaintiff
Moriarty, Donoghue & Leja
   of Springfield for the defendant

*Southern District*
No. 27206
**PAUL J. SPRING**
**v.**
**F. B. RICH & SONS, INC.**

134

*Present:* Nash, C.J., Cox, and *Owen, J.J.

Case tried to *Tamkin, J.* in the District Court of East Norfolk No. 27206

*Owen, J.* This is an action of contract and/or tort to recover for damages to property as a result of breach of a contract entered into on May 26, 1948 and as a result of negligence in storing goods and as a result of conversion of goods described as one violin.

The answer was general denial, contributory negligence, acts of a third party over which it had no control, plaintiff's failure to comply with certain provisions of the law and of his alleged contract, a limitation to plaintiff's right to recovery to $50.00 per item, full payment, damage caused by vice inherent in the goods, Statute of Limitations.

The court found for the plaintiff.

*The evidence was that* the plaintiff and defendant entered into a contract in May of 1948

whereby the defendant agreed for a monthly storage charge to store numerous items owned by the plaintiff in a warehouse in Boston; some of the items were to be held in cold storage for preservation, some in semi-cold storage for preservation, certain items to be sprayed every year to prevent insect damage and all of the items to be segregated in private rooms to prevent the moving around of said items. The plaintiff paid the storage charges to the defendant from May 1948 until July 1961 when he requested the defendant to deliver the goods to him in Florida. Upon delivery, the plaintiff found a violin missing, various items were damaged, some badly, and various items were badly damaged by moths. The goods were in good condition when stored with the defendant in 1948, and the goods remained under the control and custody of the defendant from May 1948 until July 1961 when delivered to the plaintiff in damaged condition.

The trial court found the evidence recited above as fact and further found that the former G.L. c. 105, § 15 governed the failure of the defendant to deliver the violin upon demand of the depositor, and the defendant showed no lawful excuse for the nondelivery.

The court found the defendant had custody of the plaintiff's goods from 1948 through July of 1961, the plaintiff's writ was dated July 2, 1963 and the Statute of Limitations was not applicable.

The court found that the defendant breached its contract with the plaintiff in that it did not spray a chair and couch to protect them from moths and did not keep them in cold storage as agreed; the court found moth damage to the chair and couch was the result of negligence on the part of the defendant.

The court further found that a piano the defendant agreed to keep segregated in a private room to prevent moving around and damage was found in a broken, moth-eaten, marred condition and not segregated in the private room; the court found the defendant was negligent in not keeping the piano segregated as agreed.

The court awarded damages to the plaintiff for the damage to the chair, couch, piano and for the missing violin.

The defendant filed eighteen requests for rulings, all of which were disallowed except for numbers 11 and 12. The defendant requested a report because of the denial of all requests except numbers 11 and 12.

The trial court correctly ruled on all of the requests for rulings.

The defendant's requests which sought to raise for the first time the question of proof of incorporation of the defendant were correctly disallowed. The defendant filed no demand for proof of incorporation and the plaintiff's allegation that the defendant was a corporation was therefore admitted under the provisions of G.L. c. 231, § 30.

■ Some requests sought to raise questions which the court found were not in issue. These requests were irrelevant and were correctly disallowed.

■ Other requests sought rulings that the defendant was not a party to the storage contract—and the damage did not occur while the goods were in the custody of the defendant. These requests were rendered irrelevant by the findings of fact by the court and were correctly disallowed.

Other requests seeking to raise the question of failure to prove liability were correctly disallowed.

■ There was ample evidence to justify the court's finding of negligence and breach of contract on the part of the defendant. *Beau* v. *Security Fur Storage Warehouse,* 344 Mass. 674 and cc.; *Butler* v. *Bowdoin Square Garage,* 329 Mass. 28 and cc.; *Rudy* v. *Quincy Market Cold Storage,* 249 Mass. 492.

■ Requests for findings of fact have no standing.

■ Requests for rulings of law based upon facts not found by the court must be denied as irrelevant. *Ferris* v. *Goodreau,* 16 Mass. App. Dec. 1, 6.

■ Other requests sought rulings that the Statute of Limitations was a bar to the action on the theory that the plaintiff could not prove the exact time of loss or damage. These requests were correctly disallowed.

The storage contract in question was unlimited as to time and was the type of bailment that might continue indefinitely. It falls within the class of cases where the six year statute of limitations does not begin to run until demand is made by the bailor upon the bailee for delivery as agreed. The exact time of breach of the contract by way of damage or loss of the goods is not important in the absence of knowledge of such on the part of the bailor. The plaintiff's cause of action arose upon non-delivery of the violin and delivery of the other goods in a damaged condition caused by negligence and breach of the terms of the contract. The plaintiff's action was brought well within the time prescribed. G.L. c. 260, § 2; *Warren* v. *Ball*, 341 Mass. 350 and cc.

The only issue that the defendant saw fit to argue in his brief was that the finding by the court in favor of the plaintiff was inconsistent with the court's finding on defendant's request for ruling number 12 which is as follows:

"12. The evidence most favorable to the Plaintiff is legally insufficient to support a finding that Plaintiff's alleged loss or damage occurred between June 14, 1957 and October 22, 1959 while in the custody, care or possession of Defendant F. B. Rich & Sons, Inc."

The court's finding was: "Allowed—but Court finds loss and damage occurred between May of 1948 and July of 1961."

The defendant tried to interpret this ruling to mean that loss did not occur while the goods were in the custody of the defendant even

though the court had made a finding, which was supported by ample evidence, that the goods were in the possession of the defendant from May 26, 1948 until July 1961. This argument is without merit. Moreover, if there had been merit to this argument the proper remedy was not a report but a motion to correct the ruling made on the request or a motion for a new trial. *DeLorenzo* v. *Atlantic National Bank,* 278 Mass. 321, 323-324; *National Shawmut Bank* v. *Johnson,* 317 Mass. 485; *Kelsey* v. *Hampton Court Hotel Co.,* 327 Mass. 150; *Vieira* v. *Balsamo,* 328 Mass. 37, 39; *J. Cook* v. *J. Kozlowski,* 1967 Mass. Adv. Sh. 118.

There was no prejudicial error. **It is Ordered that the Report be Dismissed.**

LEGELIS and SARRIS
    for the plaintiff
WILLIAM H. TAYLOR, JR. and JOHN K. MCNABB
    both of Boston for the defendant