NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-592

NEAL THOMPSON

vs.

JOSEPH SULLIVAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal arises from a commercial summary process action that the plaintiff, Neal Thompson, brought against the defendant, Joseph Sullivan, in the District Court.  After a bench trial, a District Court judge found in favor of the plaintiff and granted the plaintiff possession of the premises and damages of $2,400 for unpaid rent.  The defendant appealed to the Appellate Division of the District Court, arguing that the judge's finding of damages was clearly erroneous.  The Appellate Division dismissed the appeal because the defendant failed to supply an adequate record appendix.  Discerning no error or abuse of discretion in the Appellate Division's action, we affirm.

Central to the plaintiff's claim for damages -- and to the defendant's appeal in the Appellate Division -- was a group of documents admitted in evidence in the District Court trial as Exhibit 3, described as "copies of rent receipts and other documentation of rental arrangement." However, the defendant did not include Exhibit 3 in the materials he submitted to the Appellate Division. In its decision dismissing the appeal, the Appellate Division stated, "We are unable to review the defendant's argument that the court's findings were clearly erroneous due to a lack of an adequate record." The decision noted that Exhibit 3 in particular was "[c]onspicuously absent" from the record before it.

Under Rule 18(a) of the District/Municipal Courts Rules for Appellate Division Appeal, the appellant has the duty to prepare and file an appendix to the briefs, including any "parts of the record for appeal which are necessary for the full understanding of the issues presented." This requirement for appeals to the Appellate Division is similar to the requirement for appeals to this court. Under the Massachusetts Rules of Appellate Procedure, the appellant must prepare an appendix containing "any parts of the record relied upon in the brief," Mass. R. A. P. 18 (a) (1) (A) (v) (a), as appearing in 481 Mass. 1637 (2019), and "any document, or portion thereof, filed in the case

relating to an issue which is to be argued on appeal," Mass. R. A. P. 18 (a) (1) (A) (v) (b). "When a party fails to include a document in the record appendix, an appellate court is not required to look beyond that appendix to consider the missing document." Chokel v. Genzyme Corp., 449 Mass. 272, 279 (2007). See Roby v. Superintendent, Massachusetts Correctional Inst., Concord, 94 Mass. App. Ct. 410, 412 (2018) (failure to provide adequate record on appeal, whether by attorney or self-represented litigant, "fatal" to appeal). Accordingly, the Appellate Division acted within its discretion in declining to address the defendant's arguments in the absence of a complete record.

Attempting to rectify his error in the Appellate Division, the defendant included Exhibit 3 in the record appendix filed in this court, and in his brief, he presents an analysis of the payments reflected in Exhibit 3 to demonstrate that the trial judge erred in finding that the defendant owed $2,400. We decline to address the defendant's analysis of Exhibit 3, however, where he failed to provide it to the Appellate Division. "The appeal before us is from the 'final decision of the appellate division' and is on the record before that court." Worldwide Commodities, Inc. v. J. Amicone Co., 36 Mass. App. Ct. 304, 307 (1994), quoting G. L. c. 231, § 109. "When an

3

appellant's claim of error is 'not presented to or decided by the Appellate Division[,] [i]t cannot be considered by us.'" Gossels v. Fleet Nat'l Bank, 453 Mass. 366, 371 (2009), quoting Kelsey v. Hampton Court Hotel Co., 327 Mass. 150, 152 (1951)

Accordingly, the decision and order of the Appellate Division is affirmed.

So ordered.

By the Court (Massing, Hershfang & Tan, JJ.[1]),

*Paul Little*

Clerk

Entered:  March 28, 2025.

---

[1] The panelists are listed in order of seniority.